### WHITAKER vs. PERGERSON.

An execution was levied on a horse, and a claim was interposed. In order to release the horse from the levy, the claimant became the transferee of the *fi. fa.*, but before the assignment, he had the levy on the horse dismissed by order of the plaintiff. The defendant in *fi. fa.* had obtained this horse in exchange for a mule. After the assignment of the *fi. fa.*, the claimant caused it to be levied on the mule, and the person who had received it in exchange interposed a claim:

*Held*, that the mule was not subject to levy and sale under the *fi. fa.* Code, §3659 and citations.

(*a.*) There being no contested facts involved in this case, which made it necessary to remand the case for another hearing in the justice's court, there was no error in rendering a final judgment holding the property not subject. Code, §4067.

Judgment affirmed.

March 10, 1885.

HALL, Justice.

[A *fi. fa.* in favor of B. H. Brown & Brother, against Mr. and Mrs. Thomas Hopson, was levied on a horse, which was claimed by P. O. Whitaker on behalf of his firm, P.

H. Whitaker & Son. Whitaker purchased and took a transfer of the *fi. fa.*, causing the plaintiff first to dismiss the levy on the horse. He then had it levied on a mule, to which Pergerson interposed a claim. On the trial, it appeared that Pergerson had made an exchange with Hopson, receiving the mule and giving Hopson the horse ; that Whitaker & Son obtained the horse from Hopson; and that it was worth more than the amount of the *fi. fa.* In the justice's court, the mule was found subject. Claimant appealed to a jury, and after their verdict, carried the case to the superior court by *certiorari.* The court held that the mule was not subject, and rendered final judgment to that effect. Plaintiff excepted.]